IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WAYNE M. BEATON, #469447,
    Plaintiff,

vs.                                    Case No.: 3:11cv419/LAC/EMT

OFFICER K.P. GRANT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC") proceeding pro se, initiated this action on September 1, 2011, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 9).

    Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 3–5). Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Plaintiff thus stated that he has not initiated any actions in either state or federal court that relate to the fact or manner of his incarceration or the conditions of

his confinement. Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.* at 4–5). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no." Plaintiff thus stated that he has not had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 11).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, September 1, 2011 (*see* doc. 1 at 11), he had previously filed Beaton v. Singletary, Case No. 4:98cv416/WS/WCS in this district court.[1] Plaintiff was incarcerated at an FDOC institution at the time he filed the action in 1998, and he sought injunctive relief against the Secretary of the FDOC, which suggests the action related to

---

[1] The inmate number of the plaintiff in Case No. 4:98cv416/WS/WCS matches Plaintiff's.

Case No: 3:11cv419/LAC/EMT

the fact or manner of Plaintiff's incarceration or the conditions of his confinement. The case was dismissed prior to service on December 23, 1998 (*see* doc. 4 in that case). Plaintiff did not list Case No. 4:98cv416/WS/WCS in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions C and D, and thus should have been included in Plaintiff's answer to either of those questions.[2]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. His false and evasive responses to Questions C and D suggest he was deliberately attempting to hide his litigation history. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause

---

[2] The undersigned has identified nine habeas corpus cases previously filed by Plaintiff in this Court and the Southern District of Florida, none of which he identified on the complaint form. In the interest of brevity, the court will not detail all of those cases here.

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 3) (emphasis and capitalization in original).

without prejudice.[4]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 12th day of October 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[4]Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file this matter if he so chooses.  *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No:  3:11cv419/LAC/EMT